IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHNNIE F. HUNTER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:25-CV-32 (CDL) |
| INGLES MARKETS INC., | * | |
| Defendant. | * | |

O R D E R

Johnnie F. Hunter alleges that she was injured at the Ingles Market in Elberton, Georgia when a store employee bumped into her grocery cart and caused her to fall.  Hunter made a pre-suit settlement demand for more than $75,000, asserting that she had past medical expenses of $9,682, likely future medical expenses, and chronic pain.  Ingles made a counter-offer, but Hunter rejected it as too low and filed this action in the Superior Court of Elbert County.  Ingles removed the action to this Court, asserting that diversity jurisdiction exists because the parties are citizens of different states and Hunter made a pre-suit settlement demand of more than $75,000.  Hunter filed a motion to remand, arguing that the amount in controversy does not exceed $75,000.  As discussed below, the Court denies Hunter's motion to remand (ECF No. 5).

DISCUSSION

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the subject matter and certain procedural requirements are met. 28 U.S.C. §§ 1441(a), 1446. Here, Ingles removed the action based on diversity jurisdiction, which exists if the action "is between citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). There is no dispute that the complete diversity requirement is met because Hunter is a Georgia citizen and Ingles is a North Carolina citizen. The remaining question is whether the amount in controversy exceeded $75,000 at the time of removal.

Where, as here, the plaintiff makes an unspecified demand for damages in a state court complaint, removal is only allowed if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). As the party seeking to establish federal jurisdiction, the removing defendant has the burden to establish that the amount in controversy exceeds the jurisdictional requirement. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). "What counts is the amount in controversy at the time of removal." *Id.* Sometimes, it is facially apparent from the complaint that the amount in controversy is met. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)

2

(finding that the district court reasonably concluded that the amount in controversy exceeded $75,000 in a wrongful death product liability action under Alabama law). In other cases, a removing defendant must present evidence to carry its burden. *S. Fla. Wellness, Inc.*, 745 F.3d at 1316.

Here, Hunter's complaint does not seek a specific amount of damages. Rather, Hunter alleges that she incurred $9,682 in medical expenses within seven months after her 2023 injury, that she has permanent pain, and that she will incur additional medical expenses. Compl. ¶¶ 13-16, ECF No. 1-1. It is not facially apparent from these allegations that the amount in controversy exceeds $75,000. So, Ingles must present evidence to establish the amount in controversy.

Ingles contends that the amount in controversy exceeds $75,000 in this action because Hunter made a pre-suit demand for more than that amount. A pre-suit demand letter may be considered if it contains enough supporting information to substantiate the amount in controversy, but it may be disregarded if it simply reflects puffing and posturing. Here, the pre-suit demand letter listed $9,682 in past medical expenses. It contained details about Hunter's injuries: (1) an ankle injury that required an immobilizer boot and limited Hunter's daily activity for several weeks; (2) a hip injury that caused pain for several weeks; and (3) an injury to her elbow that exacerbated a prior injury, caused significant

pain, and limited Hunter's daily activity. Hunter continues to suffer pain from the elbow injury, as well as reduced movement in her elbow. Her doctor recommended an elbow replacement but cautioned Hunter that it may result in physical restrictions. So, Hunter's choice is to live with chronic pain and decreased range of movement in her elbow or have a surgery that would be accompanied by physical restrictions and an inability to care for herself during the recovery period (and perhaps beyond). Finally, the letter discloses that if Hunter has the surgery, she will need in-home help to perform the basic activities of daily living. Based on the Court's knowledge, experience, and common sense, the Court concludes that these facts show that it is more likely than not that the amount in controversy exceeds $75,000.

Hunter, though, contends that the amount in controversy is not met because just before Ingles removed this action, Hunter made an offer of settlement for $75,000 under O.C.G.A. § 9-11-68. She argues that the offer is conclusive evidence that the amount in controversy does not exceed $75,000. But Hunter did not agree to waive damages above $75,000; the offer is simply evidence that Hunter was willing to settle her claims for $75,000 after she learned that Ingles planned to remove the action to this Court. Accordingly, the offer of settlement does not establish that the amount in controversy is lower than the jurisdictional amount. The Court thus declines to remand this action.

CONCLUSION

For the reasons explained above, the Court finds that Ingles established that the amount in controversy requirement is met. The Court thus denies Hunter's motion to remand (ECF No. 5). The stay of discovery is lifted. The parties shall submit their joint proposed scheduling order by August 12, 2025.

IT IS SO ORDERED, this 23rd day of July, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
